**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

Robin Roseborough, *et vir*,

       *Plaintiff*,

v.　　　　　　　　　　　　　　　　　　　　　　　　Case No.  3:06-cv-129
　　　　　　　　　　　　　　　　　　　　　　　　　Judge Thomas M. Rose

City of Trotwood, *et al.*,

       *Defendants*.

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,** (DOC. 31)**, AND TERMINATING CASE.**

---

Pending before the Court is Defendants' Motion for Summary Judgment. Doc. 31. Therein, Defendants assert that Plaintiff lacks evidence that a Constitutional violation occurred, and that, even if one did occur, Defendants are entitled to defenses under the doctrine of qualified immunity and the Eleventh Amendment to the United States Constitution. The case involves action by a police detective that could be described as overzealous.  However, because Plaintiff's speech is not constitutionally protected and because probable cause existed to arrest Roseborough, and because the individual defendants are qualifiedly immune from any Fourth Amendment violations, Defendants' Motion for Summary Judgment will be granted.

**I.**　　**Background**

Robin Roseborough, Plaintiff in this matter along with her husband Robert, has been the office manager at the Trotwood Physician Center since 1990. Deposition of Robin Roseborough, at 6-7. On April 1, 2004, a patient accused a doctor with the Trotwood Physician Center, Dr. Isaac Corney, of sexual assault while conducting an exam. Deposition of Brad Williams at 3-4. The police began an investigation into these allegations after the patient called the police. Roseborough Depo. at 26.

Roseborough's first interaction with the police was with a uniformed officer standing at the chart counter of Dr. Corney's office. *Id.* at 24 and 27. Roseborough had just exited her office to dismiss the patients that were there and to tell the front staff to cancel Dr. Corney's patients for the afternoon. *Id.* at 24. She met a uniformed police officer and told him that Dr. Corney was waiting to hear back from his boss. *Id.* at 24. The uniformed police officer responded, "Okay. We're getting ready to take [the alleged victim] across the street. When they get here, you can let us know." *Id.* at 29. Roseborough then went back to her office and sat down with Dr. Corney. *Id.* at 29. At that time "a detective came over insisting to talk to Dr. Corney." Statement of Robin Roseborough given April 1, 2004, Doc. 32. According to Roseborough, her office door "flies open, and in walks this gentlemen, and he says, 'Get out of here.'" *Id.*

Roseborough said, "Excuse me?" and the detective, Defendant Brad Williams of the Trotwood Police Department, replied, "I said get out of here." *Id.* at 29. Roseborough said, "Excuse me?" and Williams replied, "I said get out of here." *Id.* at 29. Roseborough replied, "He's waiting on legal counsel." *Id.* at 29. Williams repeated, "I said get out of here." According to Roseborough, Williams informed her that if she made another phone call, he would have her arrested for obstructing justice." Statement of Robin Roseborough given April 1, 2004, Doc. 32. Roseborough

went out to the lounge, but after she had been in the lounge for approximately ten minutes, Williams came there and began questioning her. *Id.* at 32.

Williams said, "Why would you call your legal department? All you've done is complicate this whole situation and you're going to get everyone in this office arrested if you don't stop telling them to not talk to me." *Id*. at 32 and 33. At this point in time, Roseborough claims she had not forbidden anyone to speak to the police. *Id.* at 33.

Williams then said, "If a woman came into your front office and said that she had been raped in your parking lot, who would you call? Would you call the police department or would you call your legal department?" *Id.* at 33. Roseborough replied, "I would call them both" at which point Williams replied, "That's where you make your biggest mistake" and walked away. *Id.* at 33.

Roseborough then received a call from Geoff Walker. *Id.* at 36. Geoff Walker is Legal Counsel for Premier Health, the parent organization to the Trotwood Physician Center. *Id.* at 40. Walker asked her, "Why is he taking your employees to your lounge?" *Id.* at 37. When Roseborough stated, "I don't know," Walker replied, "No, no, absolutely not." *Id.* at 37.

Roseborough placed the call on hold. *Id.* at 37. Roseborough walked into the lounge where Detective Williams was speaking with Sandra Tadlock. *Id.* at 38. She told Tadlock not to "say anything yet" and tried to tell Detective Williams that their legal department needed to talk to him before he talked to the employees. *Id.* at 38. Roseborough handed the telephone to Detective Williams. *Id.* at 37. Williams yanked the phone out of her hands and slammed it against the receiver. (Doc. 35, ex. A, Testimony of Sandra Tadlock, at 21 and 22.)

Detective Williams then told other officers present either "Get her out of here. I don't care if you hogtie her, I don't care if you drag her, I don't care what you do, but get her out of here"

Deposition of Robin Roseborough, at 37; see also Testimony of Sandra Tadlock, Exhibit A, at 22. Roseborough was taken into custody and brought to the police station. Roseborough Depo. at 37 and 52.

A grand jury indicted Plaintiff Robin Roseborough for Obstructing Justice in violation of Ohio Revised Code § 2921.31(A) and Obstructing Official Business in violation of Ohio Revised Code § 2921.32(A)(6). Depo. of Roseborough, Doc. 33, at 58, and Doc. 20, ¶¶ 52-54. The prosecuting attorney agreed to drop these charges when Roseborough agreed to cooperate in the trial of Dr. Corney. *Id.*, at 60-61. The Prosecution did not demand or receive a stipulation as to the existence of probable cause in exchange for dropping the charge.

On March 31, 2006, Roseborough filed a complaint in the Court of Common Pleas, Montgomery County, Ohio, asserting claims of Violation of 42 U.S.C. § 1983 for Retaliation for Exercise of First Amendment Freedoms, Illegal Seizure, Illegal Arrest, Malicious Prosecution, Custodial Interrogation, Due Process Claims, Refusing or Neglecting to Prevent, and state law claims for Intentional, Reckless or Negligent Infliction of Severe Emotional Distress and Loss of Consortium. Roseborough named as Defendants Brad Williams, Montgomery County, John Does 1 thru 10, and the City of Trotwood.

On May 2, 2006, Defendants jointly removed the case to federal court. Doc. 1. On October 11, 2006, Plaintiff filed the First Amended Complaint, which is currently before the Court. Doc. 20.

**II.  Standard of Review**

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and associated case law. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986)).  Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions and affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 323.  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S., at 250, 106 S. Ct. 2505 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 106 S. Ct. 1348 (1986).  Rule 56 "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S., at 324, 106 S. Ct. 2548.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S., at 255, 106 S. Ct. 2505. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, § 2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not…obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties.

**III.    Analysis**

**A.    Violation of 42 U.S.C. 1983–Retaliation for Exercise of Freedom of Speech**

Plaintiff alleges that "Defendants Williams and John Does arrested and/or prosecuted Plaintiff Robin Roseborough for exercising her protected First Amendment right of Free Speech." *See* Amended Complaint, ¶ 70. The United States Court of Appeals for the Sixth Circuit has held that "adverse state action motivated at least in part as a response to the exercise of [a] plaintiff's constitutional rights presents an actionable claim of retaliation." *McCurdy v. Montgomery County, Ohio,* 240 F.3d 512, 520 (6th Cir. 2001). The Sixth Circuit has also held that "[t]he law is well established that '[a]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for a different reason, would have been proper.'"

*Greene v. Barber*, 310 F.3d 889, 895 (6th Cir. 2002), *quoting Bloch v. Ribar*, 156 F.3d 673, 681-82 (6th Cir.1998).

However, recent United States Supreme Court and Sixth Circuit decisions now require that claimants who assert they were arrested or prosecuted in retaliation for the exercise of First Amendment rights also plead and prove a lack of probable cause for the underlying charge. *See Hartman v. Moore*, 126 S.Ct. 1695, 1701 (2006); *Barnes v. Wright*, 449 F.3d 709, 718-20 (6th Cir. 2006).

In this case, Plaintiff has no evidence to show that protected speech was a motivating factor in her arrest. Moreover, Plaintiff cannot prove a lack of probable cause for the arrest. Plaintiff was arrested for Obstruction of Official Business – Ohio Rev. Code § 2921.31. That statute provides as follows:

> (A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that *hampers or impedes* a public official in the performance of the public official's lawful duties.

*See* Ohio Rev. Code § 2921.31(A)(emphasis added).

The second statute under which Plaintiff Robin Roseborough was charged, Ohio Rev. Code § 2921.32, provides in part:

> (A) *No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime* or to assist another to benefit from the commission of a crime, and no person, with purpose to hinder the discovery, apprehension, prosecution, adjudication as a delinquent child, or disposition of a child for an act that if committed by an adult would be a crime or to assist a child to benefit from the commission of an act that if committed by an adult would be a crime, shall do any of the following:

> \* \* \*
>
> (4) Destroy or conceal physical evidence of the crime or act, or *induce any person to withhold testimony or information* or to elude legal process summoning the person to testify or supply evidence;
>
> \* \* \*
>
> (6) *Prevent or obstruct any person*, *by means of force*, *intimidation, or deception*, *from performing any act to aid in the discovery, apprehension, or prosecution of the other person* or child.

*See* Ohio Rev. Code § 2921.32 (emphasis added). A conviction under the Ohio provision requires (1) the performance of an unprivileged act (2) with the purpose of preventing, obstructing or delaying the performance by a public official of an authorized act within his official capacity (3) which hampers or impedes the public official in the performance of his lawful duties. *Lyons v. City of Xenia*, 417 F.3d 565, 573 (6th Cir. 2005) (citing *City of North Ridgeville v. Reichbaum*, 677 N.E.2d 1245, 1248 (Ohio App. 1996)).

> The critical issue in the district court's view, and in ours as well, is whether these facts satisfy the first element of the test-the performance of an unprivileged act. Under Ohio law, this requirement demands an affirmative act that interrupts police business. See *City of Hamilton v. Hamm*, 514 N.E.2d 942, 943-44 (Ohio App. 1986). A person may not be convicted of the offense simply by doing nothing, such as refusing to provide identification or other information to the police. See *State v. McCrone*, 580 N.E.2d 468, 470-71 (Ohio App. 1989).

*Lyons v. City of Xenia*, 417 F.3d 565, 573-74 (6th Cir. 2005).

The Sixth Circuit recognizes that probable cause for this offense exists when a suspect "unequivocally indicate[s] that he w[ill] not provide any identification and that he w[ill] physically resist any attempt to calm or restrain him."*Lyons v. City of Xenia*, 417 F.3d 565, 574 (6th Cir. 2005) (quoting *Ohio v. Merz*, 2000 WL 1051837 at \*2 (Ohio App. July 31, 2000)).

Similarly, "hostile or abusive speech that obstructs officers from fulfilling their duties may amount to a sufficient affirmative act to sustain a charge of obstructing official business." *Id. (citing Ohio v. Stayton*, 709 N.E.2d 1224, 1227 (Ohio App. 1998); and *Ohio v. Overholt*, 1999 WL 635717, at *3-4 (Ohio App. Aug. 18, 1999). When "the volume and demeanor of the defendant make it impossible for police to question *another individual*, the act requirement is also met."*Id.* (emphasis added) (citing *City of Warren v. Lucas*, 2000 WL 655446, at *3 (Ohio App. May 19, 2000) and *City of North Ridgefield v. Reichbaum*, 677 N.E.2d at 1248-49 (finding sufficient affirmative acts where defendant prevented officers from questioning his stepdaughter about a neighbor's complaint of a disturbance at the defendant's home by repeatedly interrupting the questioning and refusing to be led away from his stepdaughter)). "Where the overall pattern of behavior is one of resistance, moreover, officers may consider the totality of the events and need not point to a single act that rises to the level of obstruction." *Id.* See id. at 1248-49. See also Overholt, 1999 WL 635717, at *2 ("Rather than viewing the acts of a defendant in isolation, the total course of the defendant must be considered.").

Plaintiff contends that three statements by her were the cause for her arrest: Telling a uniformed officer that "we are waiting to hear back from our boss." Telling Officer Williams "he's waiting on legal counsel" and telling Sandra Tadlock not to "say anything yet" until their legal counsel talks to Officer Williams.

In the instant case, Plaintiff utilized her position of authority over Tadlock to impede Williams's investigation. Moreover, she is not privileged, as an attorney is, to assert Corney's Fifth Amendment right to not answer questions that might incriminate him or to assert his Sixth

Amendment right to counsel. The Court additionally notes that waiting to hear from one's "boss" is not a Fifth Amendment right.

These three instances support probable cause. Plaintiff contends, however, that it is unconstitutional to arrest her for telling employee Sandra Tadlock not to "say anything yet" until the company's legal counsel spoke to Officer Williams. According to Plaintiff, the United States Court of Appeals for the Second Circuit and several state courts have so held. The Court notes, however, that in the Second Circuit case, *Cook v. Sheldon*, 41 F.3d 73, 78, 79 (2nd Cir. 1994), there is a salient difference in that the person arrested by the police for his speech had been informing a criminal suspect of his Fifth Amendment right to remain silent. There is no indication here that Tadlock possessed a Fifth Amendment right to protect. Neither do either of the statements for which Roseborough asserts she was arrested inform Corney of his Fifth Amendment rights.

Tadlock was requested to give a statement regarding an allegedly criminal act perpetrated by someone else. While she was free to not speak to the officer, she was potentially subject to being forced to testify in Court regarding the matter. Were Roseborough involved in the crime that allegedly took place that day, no one would dispute that she was intimidating witnesses. As it is, she was impeding a criminal investigation. If she had been arrested merely for informing Corney of his right to remain silent and not unduly burdening an investigation by doing so repeatedly and vociferously, this Court agrees that her speech would be protected. As she was instead instructing a witness to withhold information from police investigating an alleged crime, her speech is not protected. Neither is Roseborough in the position of an attorney to assert rights on behalf of others. Finally, even an attorney is not privileged to instruct others not to give information to a police investigation, absent a Constitutional foundation.

Because Roseborough's speech is not protected, Officer Mitchell had probable cause to arrest her. Even if this were not true, a reasonable officer could mistakenly believe probable cause existed for the arrest. Wherefore, summary judgment will be awarded on this claim.

**B.     Violation of 42 U.S.C. 1983 - Fourth Amendment (Illegal Seizure and Arrest)**

Plaintiff next asserts claims for "illegal seizure" and "illegal arrest" in violation of the Fourth Amendment to the United States Constitution. *See* Amended Complaint, ¶¶ 75, 80. Since the seizure was the arrest, these claims will be analyzed together. Essentially, Plaintiff Robin Roseborough claims that she was arrested without "a warrant, other legal justification, or probable cause." *Id*., at p 75. As this opinion established in the preceding section that probable cause existed for the arrest, these claims fail and summary judgment will be granted on them as well.

**C.     Violation of 42 U.S.C. 1983 - Fourth Amendment Malicious Prosecution**

Plaintiff next alleges a claim for malicious prosecution against "Defendants Williams and John Does and others named herein." *See* Amended Complaint, ¶ 85. Plaintiff alleges that "Defendants . . . willfully and maliciously instituted criminal charges and a criminal prosecution of Plaintiff with no legitimate basis or probable cause to believe that Plaintiff Robin Roseborough committed a criminal offense." *Id*. Probable cause for an arrest and prosecution is a defense to a Section 1983 claim for malicious prosecution. *Thacker v. City of Columbus,* 328 F.3d 244 (6th Cir. 2003); *Darrah v. City of Oak Park,* 255 F.3d 301 (6th Cir. 2001).

In the present case, the initial arrest was supported by probable cause, as discussed above. Moreover, the prosecution was initiated pursuant to a grand jury indictment. *See* Deposition of Robin Roseborough, p. 58, lines 20-22; Amended Complaint, ¶ 52. That indictment established the existence of probable cause for the purposes of a malicious prosecution claim. *See Barnes v. Wright*,

449 F.3d 709, 716 (6th Cir. 2006) (*citing Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). Additionally, Plaintiff has no evidence to show malice. Thus, Defendant's Motion for Summary Judgment on this claim will be granted.

### D. Violation of 42 U.S.C. 1983 –Custodial Interrogation

Plaintiff alleges this claim against only the "John Doe" Defendants. Because he has not shown good cause to excuse his failure to effect service as required by Fed. R. Civ. P. 4(m), dismissal without prejudice of Plaintiff's claims against the John Doe Defendants is warranted. *Coffey v. Miami County Jail,* 2007 WL 316262, *4 (S.D. Ohio 2007) (citing *Daniels v. Southfort*, 6 F.3d 482, 484 (7th Cir. 1993); *Shepard v. City of Columbus*, 2006 WL 840386 at *3-*4 (S.D. Ohio, March 30, 2006) and Fed. R. Civ. P. 4(m)).

### E. Violation of 42 U.S.C. 1983 - Fourteenth Amendment (Due Process Clause)

Plaintiff agrees that this claim rises or falls on the same basis as the malicious prosecution claim. Because the malicious prosecution claim fails, this claim fails as well and summary judgment will be awarded on this claim.

### F. Cause of Action VII – Violation of 42 U.S.C. 1983 - Fourth & Fourteenth Amendments (Refusing or Neglecting to Prevent)

Plaintiff does not oppose Defendant's assertion that this does not state a claim for relief. Doc. 35 at 16. Therefore, summary judgement on this claim will also be awarded.

### G. Cause of Action VIII - Intentional, Reckless or Negligent Infliction of Severe Emotional Distress

Plaintiff does not challenge Defendant's assertion that the City of Trotwood is immune from this claim. Plaintiff does assert that Williams acted far outside the bounds of common decency

during his actions at the Trotwood Physician Center. As Defendants point out, however, Williams's decision to arrest was supported by probable cause. With this in mind, and absent any deviant behavior in the means of effectuating the arrest, his actions were not beyond the bounds of common decency. Summary Judgment will be awarded on this claim.

H.     **Municipal Liability and Loss of Consortium**

As Plaintiff cannot show an underlying claim that survives summary judgment, her claims of municipal liability and loss of consortium both fail.

I.     **Conclusion**

Because there was probable cause for Roseborough's arrest and prosecution, and because Officer Williams's actions were not beyond the pale of decency, Defendants' Motion for Summary Judgment, doc. 31, is **GRANTED.** John Does 1-10 are dismissed without prejudice. The Clerk is **ORDERED** to enter judgment for Defendants on all other claims. The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, Tuesday, November 13, 2007.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE